

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-18-3

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19CR199 (SRU) |
| v. | VIOLATIONS: |
| STEVEN FINKLER | 18 U.S.C. § 1029(a)(5)<br>(Access Device Fraud) |
| | 18 U.S.C. § 1028A<br>(Aggravated Identity Theft) |
| | 18 U.S.C. § 1343<br>(Wire Fraud) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Access Device Fraud)

1. From on or about August 7, 2017, through August 28, 2017, in the District of Connecticut and elsewhere, the defendant STEVEN FINKLER, knowingly and with intent to defraud, effected transactions with one or more access devices issued to other persons, specifically T.R. and H.R. and their business, to receive payment and other things of value, the aggregate of which was greater than $1,000 during that time period, and by such conduct affected interstate and foreign commerce, and the offense occurred after the defendant STEVEN FINKLER's conviction for another offense under 18 U.S.C. § 1029, that is, a conviction in the United States District Court, Eastern District of New York, on or about April 19, 1993.

In violation of Title 18, United States Code, Sections 1029(a)(5) and (c)(1)(B).

## COUNT TWO
(Aggravated Identity Theft)

2. From on or about August 7, 2017, through August 28, 2017, in the District of Connecticut and elsewhere, the defendant STEVEN FINKLER, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(4), that is, Access Device Fraud as charged in Count One of this Indictment, did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, specifically, an access device belonging to victim T.R. and the name of T.R., knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS THREE through SIX
(Wire Fraud)

### The Scheme to Defraud

3. From in or about September 2018 through May 2019, in the District of Connecticut and elsewhere, the defendant STEVEN FINKLER devised and intended to devise a scheme and artifice to defraud members of various fitness centers, the members' credit card companies and others, by means of materially false and fraudulent pretenses, representations, and promises, as more fully set forth below.

4. As part of the scheme, FINKLER obtained and used identifying information of G.T. FINKLER then used G.T.'s name to open a membership at a fitness center with gym locations throughout Connecticut. FINKLER visited these gyms (impersonating G.T.), took victims' credit cards from their lockers, charged the credit cards in various amounts ranging from $600 to approximately $4,575 through the use of a mobile device and the internet, among other means, and then generally replaced the cards to lessen the chances of detection by the victims and their credit card companies.

2

### Purpose of the Scheme to Defraud

5. The purpose of the scheme and artifice to defraud was to obtain money for FINKLER to spend on himself and his personal expenses.

### The Manner and Means of the Scheme

6. It was part of the scheme that FINKLER:

   a. Obtained the means of identification of G.T.;

   b. Created accounts with mobile device payment applications in the name of "GT Limited" and "GT Limited LLC" using the means of identification of G.T., through use of the internet;

   c. Created an account with an internet-based financial program in the name of "JS Ventures," through use of the internet;

   d. Created a membership account with a fitness center using the means of identification of G.T. in order to gain access to gym locations under false pretenses;

   e. Obtained victims' credit cards from lockers and other locations while those victims were located elsewhere in the gym;

   f. Charged the victims' credit cards, including through the use of a mobile device and the internet, without lawful authority, in the names of "GT Limited" and "JS Ventures";

   g. Made materially false representations to the victims' credit card companies that the victims had requested that payments be made from their credit card accounts to "GT Limited" and "JS Ventures"; and

   h. Received the credits from those charges to his personal financial accounts for his own benefit and use.

Execution of the Wire Fraud Scheme

7. Paragraphs 3-6 are incorporated by reference.

8. On or about the dates set forth in each count below, in the District of Connecticut and elsewhere, the defendant STEVEN FINKLER, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 3 | 1/23/2019 | Credit card charge in the amount of $1,555 from victim W.M.'s Navy Federal Credit Union credit card account ending in -8990 to "GT Limited" |
| 4 | 1/27/2019 | Credit card charge in the amount of $1,750 from victim A.M.'s First National Bank of Omaha/Yale MasterCard credit card account ending in -9410 to "GT Limited" |
| 5 | 2/14/2019 | Credit card charge in the amount of $1,275 from victim A.G.'s AA Advantage MasterCard credit card account ending in -9851 to "PP*JSVENTURES" |
| 6 | 4/3/2019 | Credit card charge in the amount of $4,575 from victim A.G.'s AA Advantage MasterCard credit card account ending in -2716 to "GT Limited, LLC" |

All in violation of Title 18, United States Code, Section 1343.

COUNTS SEVEN through TEN
(Aggravated Identity Theft)

9. From in or about September 2018 through May 2019, in the District of Connecticut and elsewhere, the defendant STEVEN FINKLER, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(4), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another actual person, each transfer, possession and use constituting a separate count:

| Count | Description |
|---|---|
| 7 | During and in relation to Wire Fraud as charged in Count Three did knowingly transfer, possess, and use, without lawful authority the name and date of birth of G.T. and the access device of W.M. (Navy Federal Credit Union credit card account ending in -8990) |
| 8 | During and in relation to Wire Fraud as charged in Count Four did knowingly transfer, possess, and use, without lawful authority the name and date of birth of G.T. and the access device of A.M. (First National Bank of Omaha/Yale MasterCard credit card account ending in -9410) |
| 9 | During and in relation to Wire Fraud as charged in Count Five did knowingly transfer, possess, and use, without lawful authority the name of G.T. and the access device of A.G. (AA Advantage MasterCard credit card account ending in -9851) |
| 10 | During and in relation to Wire Fraud as charged in Count Six did knowingly transfer, possess, and use, without lawful authority the name of G.T. and the access device of A.G. (AA Advantage MasterCard credit card account ending in -2716) |

All in In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION
(Access Device Fraud)

10. Upon conviction of the Access Device Fraud offense alleged in Count One of this Indictment, defendant STEVEN FINKLER shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), all right, title, and interest in any and all personal property that was used or intended to be used to commit the offense including, but not limited to: One 18 Karat Gold Tri-Color XL Trinity Ring (Article #ENS842, Serial Number B4052854).

11. If any forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or

deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 1029(c)(2), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. §§ 982(a)(2)(B) and 1029(c), 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Wire Fraud)

12. Upon conviction of one or more of the Wire Fraud offenses alleged in Counts Three through Six of this Indictment, the defendant STEVEN FINKLER, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of

any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

SARALA V. NAGALA
ASSISTANT UNITED STATES ATTORNEY

MARGARET E. MAIGRET
ASSISTANT UNITED STATES ATTORNEY