# EXHIBIT C

```
D85QhocS                                                              1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

           v.                           13 CR 21 (PAC)

BERTON HOCHFELD

              Defendant
------------------------------x
                                        New York, N.Y.
                                        August 5, 2013
                                        4:45 p.m.

Before:

              HON. PAUL A. CROTTY
                                        District Judge

                       APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
JILLIAN B. BERMAN
     Assistant United States Attorney

SERCARZ & RIOPELLE LLP
     Attorney for Defendant
ROLAND G. RIOPELLE

-also present-
MICHAEL HOWARD - FBI
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D85QhocS

1   decides is appropriate. I am aware that it would be a great
2   boon to spare me incarceration. I earnestly believe that the
3   interest of all concerned would be best served by giving me the
4   opportunity to repay the investors as rapidly as possible by
5   continuing the course I have begun to take since I confessed to
6   this conduct back in October 2012. Thank you.
7           THE COURT: Thank you, Mr. Hochfeld.
8           Anybody else want to say anything? Mr. Riopelle?
9           MR. RIOPELLE: I did just want to respond very briefly
10  to a couple of points. If the Court were to place Mr. Hochfeld
11  on probation, as I argue for, he will be closely supervised. I
12  would advocate home detention with very strict financial
13  supervision. There was a statement made that he has not -- may
14  not have overcome his desire for material possessions. I think
15  the fact that he has agreed to sell off anything of any real
16  value that he owned is pretty good evidence that he has
17  overcome that particular issue in his life. And, your Honor,
18  with that, I leave it to the Court. Thank you for hearing me.
19          THE COURT: All right. Well, this is a most difficult
20  case, and I have never seen so many victim statements.
21  Mr. Hochfeld has many good friends from whom he stole, but they
22  seem to be more interested in maintaining the friendship and
23  keeping Mr. Hochfeld at work so they can get their money back.
24  So they have mixed motives, but, as I say, it's an unusual
25  circumstance when you have so many victims saying kind and

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 3:19-cr-00199-SRU   Document 57-3   Filed 02/08/21   Page 4 of 6
Case 1:13-cr-00021-JFK   Document 35   Filed 09/25/13   Page 20 of 26

D85QhocS

```
 1   generous things about the person who put them in difficulty.
 2           I have gone back and looked at the Sentencing
 3   Guidelines which are applicable here.  As I indicated to
 4   Ms. Berman, I think they lead to a harsh result.  I also
 5   understand that Mr. Riopelle understands that when he made a
 6   reference to before Congress started fooling around with the
 7   guidelines, which they did, and so I've gone back to the
 8   original guidelines for crimes like this for frauds and
 9   deceits, the original guidelines start at six, not seven.  And
10   where the dollar amounts are greater than 1.5 million but less
11   than 2.5 million, instead of adding, as we did now 16, we would
12   add 12.
13           So the way I calculate the guidelines, the guidelines,
14   as Mr. Riopelle agreed with me before, are properly calculated
15   28 and One.  I have to do my own guideline calculation, and I
16   start with 28 and One.
17           I've used the original guidelines so that the offense
18   level is six, and because it is more than 1.5 million but less
19   than 2.5 million, I'm adding 12 to get to 18.  Because this
20   crime involves more than 50 people and because of
21   Mr. Hochfeld's prior engagement and the prior run-in with the
22   Securities and Exchange Commission, I'm going to recognize the
23   calculation of two additional offense levels is appropriate.
24   That is two because the offense involved a violation of a prior
25   special condition of administrative order.  That is from
```

Case 3:19-cr-00199-SRU   Document 57-3   Filed 02/08/21   Page 5 of 6
Case 1:13-cr-00021-JFK   Document 35   Filed 09/27/13   Page 25 of 213
D85QhocS

```
 1  January 2006.
 2              The next offense level increases by four because
 3  Mr. Hochfeld was an investment advisor or person associated
 4  with an investment advisor.  I think that's double counting and
 5  I'm not going to do that.
 6              So, the way I calculate the guidelines is six plus 12
 7  plus four for 22 minus three.  The offense level is 19 and the
 8  Criminal History Category is I.  At 19, the guidelines call for
 9  30 to 37 months.  I am also going to take into consideration
10  Mr. Hochfeld's efforts at getting the money back to the
11  investors.  I believe that, as 3553 points out, this is a
12  serious crime.  There is no arguing that it's not a serious
13  crime.
14              I have to promote respect for the law, and I believe
15  that an incarceratory sentence is necessary here to promote
16  respect for the law, to provide just punishment for the
17  offense.  Even if Mr. Hochfeld does not need deterrence, I
18  believe that others similarly situated do.  Stealing money is a
19  temptation.  People get the word that because they make
20  restitution, they make good-faith attempts, this will, rather
21  than discouraging crime, encourage people just because they
22  have money and they're around money, they can always cooper up
23  some kind of excuse, get a good lawyer like Mr. Riopelle, and
24  plead for mercy.  But I think that would set a very dangerous
25  precedent for the criminal justice system.
```

Case 3:19-cr-00199-SRU   Document 57-3   Filed 02/08/21   Page 6 of 6
Case 1:13-cr-00002-JFK   Document 85   Filed 08/05/13   Page 27 of 53

D85QhocS                                                              22

```
 1              So I am going to impose an incarceratory sentence of
 2   two years, 24 months.  I have the preliminary consent order and
 3   forfeiture which Mr. Riopelle has signed and Mr. Hochfeld has
 4   signed.  So I think that discharges the requirements of the
 5   32.2 Federal Rules of Civil Procedure.  Mr. Hochfeld certainly
 6   knows about the forfeiture.  I will await the government's
 7   order on restitution.
 8              I must impose a special assessment of $200.  I am
 9   going to impose a term of supervised release of three years on
10   each count to run concurrently.  The 24 month sentence I impose
11   for incarceration is on Counts One and Two, and those sentences
12   are to run concurrently, subject to the mandatory conditions,
13   except the drug testing condition is suspended, and subject to
14   the standard conditions and the following special conditions:
15              Mr. Hochfeld is to provide the probation officer with
16   access to any requested financial information.  He is not to
17   open up new credit charges or open up additional lines of
18   credit without the approval of the probation officer unless he
19   is in compliance with installment payment schedule.
20              He is to submit his person, residence, place of
21   business, vehicle or any other premises to search on the basis
22   the probation officer may have a reasonable belief that
23   contraband or evidence of a violation of conditions of release
24   may be found.  The search has to be conducted at a reasonable
25   time and in a reasonable manner.  Failure to submit to a search
```